UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY LAWRENCE BARRA, | Case No. 1:24-cv-00069-HBK (PC) |
| Plaintiff, | ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES |
| v. | |
| DEPUTY WILSON, DEPUTY ZIEGLER, and SGT SCOTTI AND HIS SERT TEAM, | MARCH 15, 2024 DEADLINE |
| Defendants. | |

    Anthony Lawrence Barra is a state prisoner proceeding pro se on his civil rights complaint filed on January 16, 2024. (Doc. No. 1, "Complaint"). Plaintiff alleges Fourth and Eighth/Fourteenth Amendment violations stemming from events that occurred on or about January 11, 2024 at the Bob Wiley Detention Facility. (*Id*. at 3). Plaintiff acknowledges on the face of his Complaint that he has not exhausted his administrative remedies. (Doc. No. 1 at 2). Specifically, under the section of the form Complaint entitled "Exhaustion of Administrative Remedies" Plaintiff checks the box marked "No" next to the question "Is the grievance process completed?" (*Id*.).

    Under the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are

available are exhausted." 42 U.S.C. § 1997e(a).  Exhaustion is a condition precedent to filing a civil rights claim.  *Woodford v. Ngo*, 548 U.S. 81, 93 (2006); *see also McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute making exhaustion a precondition to judgment, but it did not.  The actual statute makes exhaustion a precondition to suit." (citations omitted)).  The exhaustion requirement "applies to all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  Further, the nature of the relief sought by the prisoner or the relief offered by the prison's administrative process is of no consequence. *Booth v. Churner*, 532 U.S. 731, 741 (2001).  And, because the PLRA's text and intent requires "proper" exhaustion, a prisoner does not satisfy the PLRA's administrative grievance process if he files an untimely or procedurally defective grievance or appeal.  *Woodford*, 548 U.S. at 93.  A prisoner need not plead or prove exhaustion.  Instead, it is an affirmative defense that must be proved by defendant.  *Jones v. Bock*, 549 U.S. 199, 211 (2007).  A prison's internal grievance process, not the PLRA, determines whether the grievance satisfies the PLRA exhaustion requirement.  *Id.* at 218.  However, courts may dismiss a claim if failure to exhaust is clear on the face of the complaint.  *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014).

Based on the face of the Complaint, Plaintiff admits he has not yet exhausted his administrative remedies as to his Fourth and Eighth/Fourteenth Amendment claims <u>prior to</u> filing this case.  Exhaustion is a pre-condition to initiating the action.  In other words, before Plaintiff may file a federal action on his claims he must first fully and properly exhaust all administrative remedies for any claims that are available at the correctional institution where the events occurred.  Accordingly, Plaintiff shall show cause in writing why his Fourth and Eighth/Fourteenth Amendment claims should not be dismissed for failure to exhaust his administrative remedies.  Plaintiff is warned that if he commenced this action before exhausting his administrative remedies, a dismissal of his Complaint on this basis would count as a strike under 1915(g).  *El-Shaddai v. Zamora*, 833 F.3d 1036, 1043–44 (9th Cir. 2016).[1]  Alternatively,

---

[1] Under § 1915(g), prisoners who have brought unsuccessful suits may be barred from bringing a civil action and paying the fee on a payment plan once they have had on prior occasions three or more cases dismissed as frivolous, malicious, or for failure to state a claim.  *Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723 (2020); *see also Andrews v. Cervantes*, 493 F.2d 1047, 1052 (9th Cir. 2007).

to avoid a strike, and because no defendant has yet been served, Plaintiff may elect to file a notice to voluntarily dismiss this claim <u>without</u> <u>prejudice</u> under Fed. R. Civ. P. 41.  Plaintiff may then refile a new complaint in a new action <u>after</u> he fully exhausts his administrative remedies.  Failure to respond to this Order will result in the recommendation that this action be dismissed for failure to exhaust and/or failure to comply with a court order.

Accordingly, it is **ORDERED**:

1. No later than March 15, 2024, Plaintiff shall deliver to correctional officials for mailing his response to the order and show cause why this action should not be dismissed for his failure to exhaust his administrative remedies before filing suit.  Alternatively, by this same date, Plaintiff may deliver a "notice of voluntarily dismissal without prejudice under Fed. R. Civ. P. 41" to avoid a strike.

2. Plaintiff's failure to timely to respond to this order will result in the recommendation that this action be dismissed for Plaintiff's failure to exhaust his administrative remedies prior to initiating this action and/or failure to comply with a court order.

Dated:    February 8, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE